# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1455V
Filed: February 27, 2024

|  |
|---|
| SABRINA COMPTON, and WAYNE COMPTON on behalf of L.C., a minor child,<br><br>       Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. |

*Diana Lynn Stadelnikas, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Lara A. Englund, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING ADDITIONAL DAMAGES[1]

On February 22, 2024, petitioners filed a joint motion to amend the judgment pursuant to Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC") and Vaccine Rule 36(b). (ECF No. 72.) Because petitioners have demonstrated circumstances justifying relief under RCFC 60(b)(6), their motion is hereby granted and judgment is entered as set forth below.

### I. Procedural History

On September 23, 2019, petitioners filed a petition on behalf of their minor child, L.C., under the National Childhood Vaccine Act, 42 U.S.C. § 300aa-10, *et seq.* ("Vaccine Act").[2] (ECF No. 1.) Petitioners alleged that, as result of a Measles, Mumps, Rubella vaccination and a Varicella vaccination on April 18, 2018, L.C. suffered

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

symptoms, including full body urticaria, gait imbalance, left-sided weakness, and brain MRI studies positive for white matter patches, that were subsequently diagnosed as acute disseminated encephalomyelitis ("ADEM"). (*Id.* at 1-2.) On March 13, 2023, a decision was entered awarding compensation to petitioners based on the parties' joint stipulation. (ECF No. 60.) Judgment was entered on April 14, 2023, awarding *inter alia* a lump sum of $33,299.43, representing reimbursement of a Florida Medicaid lien for services rendered on behalf of L.C., in the form of a check payable jointly to petitioners and Equian. On February 22, 2024, petitioners filed a joint motion requesting relief from judgment by amending the judgment to account for a correction in the amount of an overpayment of the Florida Medicaid lien. (ECF No. 72.)

## II.   Applicable Legal Standards

Under Vaccine Rule 36(b), a party may seek relief from judgment by filing a motion pursuant to RCFC 60. Rule 60(b) provides an exception to the finality of judgments upon a showing of extraordinary circumstances. *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 547-48 (2011), *aff'd per curiam*, 485 Fed. App'x 435 (Fed. Cir. 2012). "The court has discretion regarding whether to grant relief under rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" *Brunker v. Sec'y of Health & Human Servs.*, No. 18-683V, 2023 WL 19145, at *1 (Fed. Cl. Spec. Mstr. Jan. 3, 2023) (quoting *Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004)). Under Rule 60(b), the court may grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence . . . ;
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

RCFC 60(b).

## III.   Analysis

In support of the Motion to Amend Judgment, petitioners state that they received correspondence in December of 2023 from Equian, the subrogation company for Anthem Medicaid, indicating that the Florida Medicaid lien had been overpaid in the amount of $24,319.12. Thus, petitioners indicate that judgment resulted in an overpayment of $24,319.12, and that counsel became aware of the overpayment after judgment had entered. Petitioners request that the undersigned issue an Amended Decision and Judgment, directing Equain to issue a check in the amount of $24,319.12 to respondent. Respondent does not object to this request.

Rule 60(b)(6) provides for relief from judgment upon a showing of "any other reason that justifies relief." I find that petitioners' have demonstrated a sufficient reason justifying relief, namely, that their requested relief is necessary to correct a clear error. *E.g.*, *Stamm v. Sec'y of Health & Human Servs.*, No. 17-0103V, 2018 WL 5260681 (Fed. Cl. Spec. Mstr. Aug. 10, 2018); *Nilsen v. Sec'y of Health & Human Servs.*, No. 14-0968V, 2016 WL 5210773 (Fed. Cl. Spec. Mstr. Mar. 15, 2016); *Greenberg v. Sec'y of Health & Human Servs.*, No. 19-0075V, 2021 WL 1574071 (Fed. Cl. Spec. Mstr. Mar. 19, 2021).

### IV.  Conclusion

Accordingly, petitioners' motion to amend judgment is hereby **GRANTED**. The Clerk of Court is directed to issue judgment in favor of respondent as follows:

- **A lump sum of $24,319.12**, which amount represents reimbursement of an overpayment made to Equian as reimbursement of a Florida Medicaid lien for services rendered on behalf of L.C. Equian shall send the check with a cover letter that includes the case name and VICP case number, and noting overpayment of the lien. The check shall be made payable to "Department of Health and Human Services" and forwarded to the following address:

    Department of Health and Human Services
    Program Support Center, Financial Management Portfolio
    5600 Fishers Lain Mailstop 08N108A
    Rockville, MD 20857

- A copy of the revised check shall also be sent to Jean Jackson via electronic mail at jjackson@hrsa.gov.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.