# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1455V**

Filed: May 17, 2024

| | |
|---|---|
| SABRINA COMPTON, and WAYNE COMPTON on behalf of L.C., a minor child, | Special Master Horner |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL*, for petitioner.*
Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 23, 2019, petitioners filed a petition on behalf of their minor child, L.C., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1) Petitioners alleged that, as result of a Measles, Mumps, Rubella vaccination and a Varicella vaccination on April 18, 2018, L.C. suffered symptoms, including full body urticaria, gait imbalance, left-sided weakness, and brain MRI studies positive for white matter patches, that were subsequently diagnosed as acute disseminated encephalomyelitis ("ADEM"). (*Id.* at 1-2.) On March 13, 2023, a decision was entered awarding compensation to petitioners based on the parties' joint stipulation.[3] (ECF No. 60.)

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On February 22, 2024, petitioners filed a joint motion requesting to amend the judgment to account for a correction in the amount of an overpayment of the Florida Medicaid lien, which I granted and awarded on February 27, 2024. (ECF Nos. 72-73).

On September 24, 2023, petitioners filed a motion for attorneys' fees and costs. (ECF No. 66.) ("Fees App.") Petitioners request the following compensation: attorneys' fees and costs in the amount of $165,184.91 (representing $130,491.00 in fees and $34,693.91 in costs) for the work of their counsel at mctlaw, attorneys' fees and costs in the amount of $3,426.91 (representing $2,987.50 in fees and $439.41 in costs) for the guardianship work of their counsel at Haag Friedrich & Williams P.A., $1,231.00 for the Guardian Ad Litem work of Joesph Indelicato, Esq., and $7,440.00 in future attorneys' fees and costs for maintaining the required guardianship of the award until L.C. reaches the age of majority. (*Id.* at 1-3.) Pursuant to General Order No. 9, petitioners warrant they did not personally incur any costs in pursuit of this litigation. Ex. 40 at 1. On October 6, 2023, respondent filed a response to petitioners' motion. (ECF No. 67.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.) Petitioners filed their reply requesting the Court award attorneys' fees and costs in full. (ECF No. 68.)

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

---

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

## a.  Hourly Rates

Petitioners request the following rates of compensation for their attorneys at mctlaw: for Ms. Diana Stadelnikas: $396.00 per hour for work performed in 2018, $415.00 per hour for work performed in 2019, $440.00 per hour for work performed in 2020, $470.00 per hour for work performed in 2021, $490.00 per hour for work performed in 2022, and $525.00 per hour for work performed in 2023; for Mr. Altom Maglio: $400.00 per hour for work performed in 2019; and, for Ms. Danielle Strait: $415.00 per hour for work performed in 2022. Ex. 38 at 56-57. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.[4]

## b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests

---

[4]The rates for the 14 paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. Specifically, Aisha Jones charged $170.00 per hour for work performed in 2022. Amy Semanie charged $145.00 in 2020, $155.00 in 2021, and $160.00 in 2022. Audrey Harper charged $165.00 in 2021. Chelsea Harris charged $170.00 in 2022. Dashea King charged $145.00 in 2019 and 2020. Jennifer Gutierrez charged $160.00 in 2020. Katherine Ochoa Castillo charged $154.00 in 2019. Kendall Wallin charged $165.00 in 2021. Kimberly Dutra charged $148.00 in 2018, $154.00 in 2019, $160.00 in 2020, $165.00 in 2021, and $170.00 in 2022. Lindsay Wilkinson and Mackenzie Riordan both charged $160.00 in 2021 and 2022. Madison Alexander charged $165.00 in 2021, $170.00 in 2022. Mandy Houston charged $145.00 in 2019 and 2020. Melissa Sealy charged $170.00 in 2022, and $180.00 in 2023. Ex. 38 at 56-57.

hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioners are therefore awarded final attorneys' fees of $130,491.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $34,693.91 in attorneys' costs. Fees App. at 1. These costs are comprised of acquisition of medical records, the Court's filing fee, and postage. This amount also includes life care planning services performed by The Coordinating Center, Medical Legal Services, in the amount of $30,380.00, at a rate of $175.00 per hour. Ex. 39 at 2-4.

I find that these costs have been supported with the necessary documentation and are reasonable. Petitioners are therefore awarded the full amount of costs sought.

### d. Fees and Costs for Guardianship and Guardian Ad Litem Work

Petitioners request attorneys' fees and costs in the amount of $3,426.91 (representing $2,987.50 in fees and $439.41 in costs) for the guardianship work of their counsel at Haag, Friedrich and Williams, P.A. Petitioners also request $1,231.00 for the Guardian Ad Litem work of Joesph Indelicato, Esq. Fees App. at 2. I have reviewed the submitted billing statements for the guardianship work performed and find the requested attorneys' fees and costs to be reasonable. Additionally, respondent has not raised any objection to this work performed. Accordingly, I find that Haag, Friedrich and Williams, P.A., and Joesph Indelicato, Esq., respectively, are entitled to full reimbursement for all fees and costs incurred as part of the guardianship proceedings.

### e. Attorneys' Fees and Costs for Guardianship Maintenance

Petitioners request a total of $7,440.00, calculated with an annual amount of $620.00, in future attorneys' fees necessary for maintaining L.C.'s portion of the award until he reaches the age of majority. Fees App. at 4.

Per the Federal Circuit's decision in *McCulloch v. Sec'y of Health & Human Servs.*, costs associated with maintenance of the guardianship fall under 42 U.S.C. § 300aa-15(e)(1) as reasonable attorneys' fees and other costs "incurred in any

proceeding on [a Vaccine Act] petition." 923. F.3d 998, 1003 (Fed. Cir. 2019). Accordingly, the award of such future fees and costs is proper in the instant case.

Concerning the reasonableness of the future attorneys' fees and costs, petitioners have submitted a statement from counsel at Haag, Friedrich & Williams, P.A., which breaks down the amount of attorney hours required for each guardianship accounting as well as court filing fees. Ex. 44 at 1. I have reviewed the projection of future fees and costs by the Haag, Friedrich & Williams, P.A. The anticipated fees and costs appear reasonable. Respondent also has not challenged the anticipated future fees and costs as unreasonable. Accordingly, I find these costs to be reasonable and shall award them in full.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioners' request for fees and costs is reasonable. **Accordingly, I award the following:**

1) **a lump sum in the amount of $165,184.91, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioners and petitioners' counsel, mctlaw;**

2) **a lump sum in the amount of $3,426.91, representing reimbursement for petitioners' guardianship attorneys' fees and costs, in the form of a check payable to petitioners and Haag, Friedrich & Williams, P.A.;**

3) **a lump sum in the amount of $1,231.00, representing reimbursement for the Guardian Ad Litem's fees and costs, in the form of a check payable to petitioners and Joseph Indelicato, Esq.; and,**

4) **a lump sum in the amount of $7,440.00, representing future attorneys' fees and costs for guardianship maintenance, in the form of a check payable to petitioner, Sabrina Compton, as appointed Guardian of the Property of L.C.**

**Petitioners request all checks be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master